**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE:**                                                               **CHAPTER 13 CASE NO.:**

**ELMER L. RICHARDSON**                                   **19-10614-JDW**

**OBJECTION TO CONFIRMATION**

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through

counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition,

Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation (the

"Objection"), and in support thereof states as follows:

1.        The Debtor commenced this proceeding by filing a Voluntary Petition on February

12, 2019 (the "Petition Date").  The Debtor filed a proposed Chapter 13 Plan (Dkt. #2) (the "Plan")

on the Petition Date.

2.        The Debtor's Schedules I and J fail to accurately report the Debtor's current income

and expenditures as required by 11 U.S.C. § 521(a)(1)(B)(ii).  Specifically, the Debtor failed to

attach a business income and expense statement for each of his businesses to Schedule I as required

by line 8(a) on Schedule I.

3.        The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 1325(a)(3).  The Plan

has not been proposed in good faith because the Debtor has failed to provide for the treatment of

the secured claims of Santander Consumer USA, Inc. (Claim #8-1), Statewide Federal Credit

Union (Claim #3-1), and Panola County Tax Collector (Claim #1-1).  The form plan approved by

this Court provides that, "[t]he treatment of ALL secured and priority debts must be provided for

in this plan."

4.      The Debtor has failed to commence plan payments as required by 11 U.S.C. § 1326(a)(1).

5.      The Trustee is unable to administer the Plan because of the following errors:

a) Section 5.2 of the Plan provides for the Debtor's student loan to be separately classified and treated because it is deferred. However, the Debtor testified at the Section 341(a) Meeting of Creditors that the deferment period ends in April 2019. Therefore, there is no basis to classify and treat the student loan differently than all other nonpriority unsecured claims.

6.      The Debtor should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

7.      For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection.  The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: March 25, 2019.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:    /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss.  39211
(601) 355-6661
mvardaman@barkley13.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: March 25, 2019.

/s/ Melanie T. Vardaman
MELANIE T. VARDAMAN

3