UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI
(ABERDEEN DIVISIONAL OFFICE)

IN RE:                                                     CASE NUMBER: 19-10614-JDW

ELMER L. RICHARDSON                                        CHAPTER 13

DEBTOR

### MOTION TO LIFT STAY AND CO-DEBTOR STAY

Santander Consumer USA Inc., successor in interest to Drive Financial Services ("Secured Creditor"), a creditor holding a secured claim, represents that:

1. This Court has jurisdiction over this proceeding and all parties hereto pursuant to 28 U.S.C., Sections 157 and 1334.

2. On February 12, 2019, Elmer L. Richardson (the "Debtor") filed with this Court a voluntary petition under Chapter 13 of the Bankruptcy Code.

3. Secured Creditor is the holder of a Retail Installment Contract and Security Agreement ("Contract") executed by Debtor and non-filing Co-Debtor Frederick Guice (hereinafter collectively the "Debtors") on January 6, 2007, which granted a security interest to Secured Creditor in a 2006 Toyota Tundra ("Vehicle"). A copy of the Contract is attached as Exhibit "A." As shown by the Secretary's Certificate attached as Exhibit "B," the Contract was assigned to Secured Creditor. As shown by the Certificate of Title attached as Exhibit "C," the Debtors are the owners of record of the Vehicle.

4. The Debtor's Chapter 13 Plan is silent as to the Vehicle. The Vehicle was abandoned and the debt was discharged as to the Debtor in the Debtor's previous Chapter 7 Bankruptcy in this Court under Case No. 10-13166. Secured Creditor retains its lien on the Vehicle.

5. As of May 15, 2019, Secured Creditor was owed $27,293.68, plus interest accruing thereafter, as shown by the payment history attached as Exhibit "D."

6. The approximate current fair market value of Vehicle is $7,965.00, which is 90% of the clean retail N.A.D.A. value attached as Exhibit "E."

7. The Debtors have no equity in the Vehicle and, therefore, are unable to protect against depreciation.

8. The Debtors have failed to provide proof of insurance as required by the Contract.

9. The Debtors have also failed to provide other means of adequate protection. Pursuant to 11 U.S.C. §362(d)(1), the Debtors' failure to provide adequate protection to the creditor's interest in the property is a cause for the granting of relief from the stay.

**WHEREFORE**, Santander Consumer USA Inc. dba Chrysler Capital ("Secured Creditor") prays that the Court enter an order granting relief described as follows:

1. Termination of the automatic stay and co-debtor stay to allow Secured Creditor to foreclose on its interest in the above described property, to have the property seized and sold pursuant to state law, to receive the proceeds of the sale up to the full amount of the debt or to bid up to the full amount of the debt at the sale; and/or

2. Authorization for the Debtors to surrender voluntarily the above described property to Secured Creditor; and/or

3. That any order remain in effect regardless of conversion to another Chapter; and/or

4. For such other and further relief to which Secured Creditor may be entitled.

THE SUNDMAKER FIRM, L.L.C.

/s/ *Gregory J. Walsh*
GREGORY J. WALSH (MS Bar No. 104344)
1027 Ninth Street
New Orleans, LA  70115
Telephone: (504) 568-0517
Fax: (504) 568-0519
greg@sundmakerfirm.com
**Attorneys for Secured Creditor**

## CERTIFICATE OF SERVICE

I certify that the Motion to Lift Stay and Co-Debtor Stay has been served on all interested parties as listed below either by electronic mail and/or depositing same in the U.S. Mail, postage prepaid, this 24th day of May, 2019:

| | | |
|---|---|---|
| Locke D. Barkley<br>6360 I-55 North<br>Suite 140<br>Jackson, MS 39211 | United States Trustee<br>501 East Court Street<br>Suite 6-430<br>Jackson, MS 39201 | Jimmy E. McElroy<br>3780 S. Mendenhall<br>Memphis, TN 38115 |
| Elmer L Richardson<br>4685 Barn Acre Road<br>Sardis, MS 38666 | | |

/s/ *Gregory J. Walsh*
Gregory J. Walsh

# RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

**Seller:** GRAY DANIELS TOYOTA, 104 GRAY DANIELS BLVD, BRANDON MS 39042

**Buyer:** ELMER RICHARDSON, FREDERICK GUICE, 1189 Askew Ln., EDWARDS MS 39066

**Date:** 01/06/2007

"We," "us," and "our" mean the Seller above, its successors and assigns.
"You" and "your" mean each Buyer above, and guarantor, jointly and individually.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

**Description of Motor Vehicle Purchased:**
- Year: 2006
- Make: TOYOTA
- Model: TUNDRA 4X2
- VIN: 5TBRU34186S482618
- Lic. No./Year:
- [X] New [ ] Used

**Description of Trade-In:** 1999 DODGE TRUCK RAM P/U 1500  3B7HC12Y9X6234078

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 30377.00, plus finance charges accruing on the unpaid balance at the rate of 18.00 % per year from today's date until maturity. Finance charges accrue on a 365 day basis. After maturity, or if you default and we demand payment, we will earn finance charges on the unpaid balance at 18.00 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. [ ] You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 5500.00 |
|---|---|---|---|---|
| 18.00 % | $ 19860.28 | $ 30377.00 | $ 50237.28 | $ 55737.28 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 697.74 | MONTHLY BEGINNING: 02/20/2007 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
[X] **Late Charge:** If a payment is more than 10 days late, you will be charged $6.00 OR 5% OF THE MONTHLY PAYMENT WHICHEVER IS LESS.

**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured N/A
[ ] Single [ ] Joint  Premium $ N/A  Term N/A
Credit Disability: Insured N/A
[ ] Single [ ] Joint  Premium $ N/A  Term N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____  d/o/b  _____  d/o/b
Buyer                  Buyer

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 500.00. If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:
[ ] $ N/A  Deductible, Collision Coverage $ N/A
[ ] $ N/A  Deductible, Comprehensive Cov. $ N/A
[ ] Fire-Theft and Combined Additional Coverage $ N/A
[ ] N/A  $ N/A

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**

[X] **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover AS STATED IN EXT SVC AGMT. This Service Contract will be in effect for 600 MOS.

**ASSIGNMENT:** This Contract and Security Agreement is assigned to DRIVE FINANCIAL SERVICES
The Assignee, phone _____. This assignment is made [X] under the terms of a separate agreement. [ ] under the terms of the ASSIGNMENT BY SELLER on page 2. [ ] This assignment is made with recourse.
Seller By: GRAY DANIELS TOYOTA / Office Manager  Date 01/06/2007

## ITEMIZATION OF AMOUNT FINANCED

Vehicle Price (incl. sales tax of $ 1279.76) $ 33973.00
Service Contract, Paid to: FIDELITY  $ 1295.00
                                Cash Price $ 35268.00
Manufacturer's Rebate  $ 4000.00
Cash Down Payment  $ 1500.00
Deferred Down Payment  $ N/A
  a. Total Cash/Rebate Down  $ 5500.00
b. Trade-In Allowance  $ 7098.00
c. Less: Amount owing  $ 7098.00
  Paid to: _____
  d. Net Trade-In (b. minus c.)  $ 0.00
  e. Net Cash/Trade-In (a. plus d.)  $ 5500.00
Down Payment (e.; disclose as $0 if negative)  $ 5500.00
      Unpaid Balance of Cash Price  $ 29768.00
Paid to Public Officials - Filing Fees  $ 5.00
Insurance Premiums*  $ N/A
Amount to Finance line e. (if e. is negative)  $ N/A
To: GRAY DANIELS TOYOTA GAP COVERAGE  $ 599.00
To: N/A  $ N/A
To: STATE OF MS - INSP FEE  $ 5.00
To: N/A  $ N/A
To: N/A  $ N/A
Total Other Charges/Amounts Pd. to Others  $ 609.00
  Less: Prepaid Finance Charges  $ N/A
      Amount Financed  $ 30377.00
*We may retain or receive a portion of this amount.

**Notice to the Buyer:** 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract you sign.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer Signature: /s/ Elmer Richardson  01/06/2007
ELMER RICHARDSON

Signature: /s/ Frederick Guice  01/06/2007
FREDERICK GUICE
Seller: By _____

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

The law of Mississippi will govern this transaction. It is also governed by applicable federal law and regulations. In the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in Mississippi, unless otherwise required by law.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days' notice prior to changing your name or principal residence.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
  A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
  B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
  C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
  D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
  E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
  F. You will pay all taxes and assessments on the Property as they become due.
  G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
  A. You fail to perform any obligation that you have undertaken in this Contract.
  B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay the costs we incur to collect amounts owing. If we refer this Contract to an attorney that is not a salaried employee of ours, this amount includes court costs and attorneys' fees up to 15% of the amount actually due and unpaid at the time the balance of this Contract is accelerated and the entire amount is declared due.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:
  A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
  B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
  C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
  D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
  E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**RETURNED CHECK CHARGE:** If you make any payment required by this Contract with a check that is returned due to insufficient funds in the account, and we are charged a fee or service charge as a result of such a return, then we may add the actual amount of the fee or service charge up to a maximum of $15.00 to the principal of the unpaid balance of the loan or extension of credit.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

> **CREDITOR-PLACED INSURANCE NOTICE:** You are giving us a security interest in the Property described in the SECURITY section on page 1. You are required to maintain insurance on the Property to protect our interest until all debts secured by this Contract are paid. If you fail to provide evidence of insurance on the Property to us, we may place insurance on the Property and you will be responsible to pay for the costs of that creditor-placed insurance.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
  A. You must pay this Contract even if someone else has also signed it.
  B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
  C. We may release any security and you will still be obligated to pay this Contract.
  D. If we give up any of our rights, it will not affect your duty to pay this Contract.
  E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

> **THIRD PARTY AGREEMENT**
> By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take those steps without notice or demand upon you.
>
> You acknowledge receipt of a completed copy of this Contract.
>
> _____   _____
> Signature                            Date

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

### ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee. Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

(page 2 of 2)


CONSUMER USA

### SANTANDER CONSUMER USA INC.

### SECRETARY'S CERTIFICATE

I, Eldridge A. Burns, Jr., Chief Legal Officer and Secretary of Santander Consumer USA Inc., an Illinois corporation (the "Company"), hereby certify that effective as of December 6, 2006, Drive Financial Services LP was merged with and into the Company, with the Company as the surviving entity.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 16th day of April 2008.

Eldridge A. Burns, Jr.

Chief Legal Officer and Secretary

8585 N. STEMMONS FREEWAY // SUITE 1100-NORTH // DALLAS, TX 75247

# STATE OF MISSISSIPPI

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY |
|---|---|---|---|---|
| 5TBRU34186S482618 | TOYT | 2006 | TT5 | 4C |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL. | NEW / USED | TYPE OF VEHICLE | PASS. or GVW |
|---|---|---|---|---|---|
| 10062009 | | 06 | X | TRUCK | 000 |

ODOMETER - TENTHS NOT INCLUDED

104000

ACTUAL MILEAGE

OWNER

RICHARDSON ELMER
1189 ASKEW LANE
EDWARDS    MS 39066

1ST LIENHOLDER (OR OWNER IF NO LIEN)

DRIVE FINANCIAL SERVICES
P O BOX 560583
DALLAS    TX 75356

DATE:
MONTH | DAY | YEAR
01/06/2009

2ND LIENHOLDER

DATE:
MONTH | DAY | YEAR

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF A LIEN...

1ST LIEN _____ (LIENHOLDER)    BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ___

2ND LIEN _____ (LIENHOLDER)    BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ 20 ___

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS
THE  06  DAY OF  OCTOBER  20 09

STATE TAX COMMISSION

The Mississippi State Tax Commission hereby certifies that on application duly made, the persons named herein is registered by this office as the lawful owner of the vehicle described subject to the liens of security interests as may subsequently be filed with the State Tax Commission. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1 Mississippi Code of 1972, and subject to the provisions thereof.

**VOID IF ALTERED**

# Santander
## CONSUMER

P.O. Box 961245
Fort Worth, TX 76161-1245

**Account Number:** [____]  **Primary Name:** ELMER RICHARDSON

| Good Through | Total Payoff | Principal | Interest | Late Fees | Misc. Fees |
|---|---|---|---|---|---|
| May 30, 2019 | $27,293.68 | $24,843.99 | $1,739.76 | $0.00 | $709.93 |

| Effective Date | Amount | Principal | Interest | Late Fees | Misc. Fees | Principal Balance |
|---|---|---|---|---|---|---|
| Feb 09, 2010 | $-697.74 | $-167.36 | $-530.38 | $0.00 | $0.00 | $24,843.99 |
| System allocated payment Lockbox Payment BTCH# 00000871 SEQ# 0010 CK# 001256 | | | | | | |
| Dec 28, 2009 | $-697.74 | $-249.28 | $-448.46 | $0.00 | $0.00 | $25,011.35 |
| System allocated payment Lockbox Payment BTCH# 00000834 SEQ# 0004 CK# 001252 | | | | | | |
| Nov 22, 2009 | $-697.74 | $-232.57 | $-465.17 | $0.00 | $0.00 | $25,260.63 |
| System allocated payment Lockbox Payment BTCH# 00000830 SEQ# 0006 CK# 001226 | | | | | | |
| Oct 16, 2009 | $-697.74 | $-341.02 | $-356.72 | $0.00 | $0.00 | $25,493.20 |
| System allocated payment Lockbox Payment BTCH# 00000042 SEQ# 0020 CK# 001218 | | | | | | |
| Sep 18, 2009 | $-1,440.50 | $-1,333.32 | $-107.18 | $0.00 | $0.00 | $25,834.22 |
| System allocated payment Drive Collector - Visa (no fee) | | | | | | |
| Sep 18, 2009 | $-.07 | $0.00 | $0.00 | $0.00 | $-.07 | $27,167.54 |
| Recovery fee payment Drive Collector - Visa (no fee) | | | | | | |
| Sep 10, 2009 | $-1,000.00 | $-573.94 | $-426.06 | $0.00 | $0.00 | $27,167.54 |
| System allocated payment IVR - ACH | | | | | | |
| Sep 10, 2009 | $-10.95 | $0.00 | $0.00 | $0.00 | $-10.95 | $27,741.48 |
| Miscellaneous fee payment IVR - ACH | | | | | | |
| Sep 10, 2009 | $10.95 | $0.00 | $0.00 | $0.00 | $10.95 | $27,741.48 |
| Miscellaneous fee asessment IVR - ACH | | | | | | |
| Aug 14, 2009 | $-400.00 | $0.00 | $-400.00 | $0.00 | $0.00 | $27,741.48 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| | System allocated payment Money Gram Payment 73616315 | | | | | |
| Aug 07, 2009 | $-200.00 | $0.00 | $-200.00 | $0.00 | $0.00 | $27,741.48 |
| | System allocated payment Money Gram Payment 69912390 | | | | | |
| Jun 27, 2009 | $-150.00 | $-54.05 | $-95.95 | $0.00 | $0.00 | $27,741.48 |
| | System allocated payment Money Gram Payment 43183396 | | | | | |
| Jun 20, 2009 | $-300.00 | $-203.35 | $-96.65 | $0.00 | $0.00 | $27,795.53 |
| | System allocated payment Money Gram Payment 72874396 | | | | | |
| Jun 13, 2009 | $-250.00 | $-125.17 | $-124.83 | $0.00 | $0.00 | $27,998.88 |
| | System allocated payment Money Gram Payment 39331631 | | | | | |
| Jun 04, 2009 | $-699.00 | $-129.92 | $-569.08 | $0.00 | $0.00 | $28,124.05 |
| | System allocated payment Money Gram Payment 32291034 | | | | | |
| May 23, 2009 | $-80.00 | $0.00 | $-80.00 | $0.00 | $0.00 | $28,253.97 |
| | System allocated payment Money Gram Payment 63072191 | | | | | |
| May 02, 2009 | $-200.00 | $0.00 | $-200.00 | $0.00 | $0.00 | $28,253.97 |
| | System allocated payment Money Gram Payment 98789558 | | | | | |
| Apr 24, 2009 | $-500.00 | $0.00 | $-500.00 | $0.00 | $0.00 | $28,253.97 |
| | System allocated payment Money Gram Payment 73994830 | | | | | |
| Feb 28, 2009 | $-100.00 | $0.00 | $-100.00 | $0.00 | $0.00 | $28,253.97 |
| | System allocated payment Money Gram Payment 50836470 | | | | | |
| Feb 20, 2009 | $-600.00 | $-319.54 | $-280.46 | $0.00 | $0.00 | $28,253.97 |
| | System allocated payment Money Gram Payment 86266804 | | | | | |
| Feb 07, 2009 | $-100.00 | $0.00 | $-100.00 | $0.00 | $0.00 | $28,573.51 |
| | System allocated payment Money Gram Payment 68032518 | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | $-400.00 | $-89.03 | $-310.97 | $0.00 | $0.00 | $28,573.51 |
| System allocated payment Money Gram Payment 63566853 | | | | | | |
| Jan 02, 2009 | $-400.00 | $-173.06 | $-226.94 | $0.00 | $0.00 | $28,662.54 |
| System allocated payment Money Gram Payment 46912523 | | | | | | |
| Dec 17, 2008 | $-700.00 | $-214.23 | $-485.77 | $0.00 | $0.00 | $28,835.60 |
| System allocated payment Money Gram Payment 65514986 | | | | | | |
| Nov 15, 2008 | $-300.00 | $0.00 | $-300.00 | $0.00 | $0.00 | $29,049.83 |
| System allocated payment Lockbox Payment BTCH# 00000014 SEQ# 0003 CK# 000000 | | | | | | |
| Oct 23, 2008 | $-900.00 | $-608.28 | $-291.72 | $0.00 | $0.00 | $29,049.83 |
| System allocated payment Lockbox Payment BTCH# 00000809 SEQ# 0015 CK# 000000 | | | | | | |
| Oct 15, 2008 | $390.00 | $0.00 | $0.00 | $0.00 | $390.00 | $29,658.11 |
| Recovery fee assessment Repo Fees | | | | | | |
| Oct 14, 2008 | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 | $29,658.11 |
| Recovery fee assessment Assessed Redemption Fee | | | | | | |
| Oct 14, 2008 | $255.00 | $0.00 | $0.00 | $0.00 | $255.00 | $29,658.11 |
| Recovery fee assessment Transportation Fees | | | | | | |
| Oct 03, 2008 | $-1,539.00 | $-293.62 | $-1,245.38 | $0.00 | $0.00 | $29,658.11 |
| System allocated payment Money Gram Payment 91683911 | | | | | | |
| Sep 05, 2008 | $-500.00 | $0.00 | $-500.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment Money Gram Payment 99493872 | | | | | | |
| Aug 22, 2008 | $-50.00 | $0.00 | $-50.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment Money Gram Payment 23961478 | | | | | | |
| Aug 16, 2008 | $-20.00 | $0.00 | $-20.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment Money Gram Payment 78441239 | | | | | | |
| Aug 06, 2008 | $-400.00 | $0.00 | $-400.00 | $0.00 | $0.00 | $29,951.73 |

| Date | Amount | | | | | Balance |
|---|---|---|---|---|---|---|
| | Money Gram Payment 76053707 | | | | | |
| Jul 26, 2008 | $-250.00 | $0.00 | $-250.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 33281813 | | | | | |
| Jun 23, 2008 | $-100.00 | $0.00 | $-100.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 44230953 | | | | | |
| Jun 21, 2008 | $-200.00 | $0.00 | $-200.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 64316611 | | | | | |
| Jun 07, 2008 | $-300.00 | $0.00 | $-300.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 45962427 | | | | | |
| Jun 05, 2008 | $-120.00 | $0.00 | $-120.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 91479595 | | | | | |
| Mar 20, 2008 | $-500.00 | $0.00 | $-500.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 91241837 | | | | | |
| Mar 20, 2008 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $29,951.73 |
| | One month extension Extension | | | | | |
| Mar 20, 2008 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $29,951.73 |
| | One month extension Extension | | | | | |
| Feb 17, 2008 | $-300.00 | $0.00 | $-300.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 33714599 | | | | | |
| Jan 30, 2008 | $-600.00 | $0.00 | $-600.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 93430514 | | | | | |
| Jan 18, 2008 | $-20.00 | $0.00 | $-20.00 | $0.00 | $0.00 | $29,951.73 |
| | System allocated payment Money Gram Payment 31381239 | | | | | |
| Jan 16, 2008 | $-320.00 | $0.00 | $-320.00 | $0.00 | $0.00 | $29,951.73 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| System allocated payment<br>Western Union Payment<br>1349857091 | | | | | | |
| Jan 09, 2008 | $-300.00 | $0.00 | $-300.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment<br>Money Gram Payment<br>90991334 | | | | | | |
| Dec 14, 2007 | $-300.00 | $0.00 | $-300.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment<br>Money Gram Payment<br>30950400 | | | | | | |
| Dec 07, 2007 | $-150.00 | $0.00 | $-150.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment<br>Money Gram Payment<br>98385341 | | | | | | |
| Nov 27, 2007 | $-300.00 | $0.00 | $-300.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment<br>Western Union Payment<br>1877628464 | | | | | | |
| Oct 31, 2007 | $-10.95 | $0.00 | $0.00 | $0.00 | $-10.95 | $29,951.73 |
| Waive miscellaneous fee<br>Return - NSF on ACH | | | | | | |
| Oct 31, 2007 | $10.95 | $0.00 | $0.00 | $0.00 | $10.95 | $29,951.73 |
| Reversal of miscellaneous fee payment<br>Return - NSF on ACH | | | | | | |
| Oct 31, 2007 | $697.74 | $0.00 | $697.74 | $0.00 | $0.00 | $29,951.73 |
| Reversal of system allocated payment<br>Return - NSF on ACH | | | | | | |
| Oct 31, 2007 | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $29,951.73 |
| Miscellaneous fee asessment<br>Return - NSF on ACH | | | | | | |
| Oct 31, 2007 | $-697.74 | $0.00 | $-697.74 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment<br>Drive Collector - ACH | | | | | | |
| Oct 31, 2007 | $-10.95 | $0.00 | $0.00 | $0.00 | $-10.95 | $29,951.73 |
| Miscellaneous fee payment<br>Drive Collector - ACH | | | | | | |
| Oct 31, 2007 | $10.95 | $0.00 | $0.00 | $0.00 | $10.95 | $29,951.73 |
| Miscellaneous fee asessment<br>Drive Collector - ACH | | | | | | |
| Oct 18, 2007 | $-300.00 | $0.00 | $-300.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment<br>Money Gram Payment<br>63605604 | | | | | | |
| Oct 11, 2007 | $-300.00 | $0.00 | $-300.00 | $0.00 | $0.00 | $29,951.73 |

| Date | | | | | | |
|---|---:|---:|---:|---:|---:|---:|
| Money Gram Payment 85419068 | | | | | | |
| Sep 17, 2007 | $-15.00 | $0.00 | $0.00 | $0.00 | $-15.00 | $29,951.73 |
| Waive miscellaneous fee Waiver of Fees | | | | | | |
| Apr 27, 2007 | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $29,951.73 |
| Miscellaneous fee asessment Return - NSF on ACH | | | | | | |
| Aug 24, 2007 | $-200.00 | $0.00 | $-200.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment Money Gram Payment 71764245 | | | | | | |
| Aug 17, 2007 | $-385.00 | $0.00 | $-385.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment Money Gram Payment 15533061 | | | | | | |
| Aug 17, 2007 | $-15.00 | $0.00 | $0.00 | $0.00 | $-15.00 | $29,951.73 |
| Recovery fee payment Money Gram Payment | | | | | | |
| Aug 15, 2007 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $29,951.73 |
| One month extension Extension | | | | | | |
| Aug 15, 2007 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $29,951.73 |
| One month extension Extension | | | | | | |
| Jul 06, 2007 | $-320.00 | $0.00 | $-320.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment Money Gram Payment 84846497 | | | | | | |
| Jun 12, 2007 | $-200.00 | $0.00 | $-200.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment Money Gram Payment 42949081 | | | | | | |
| May 25, 2007 | $-450.00 | $0.00 | $-450.00 | $0.00 | $0.00 | $29,951.73 |
| System allocated payment Money Gram Payment 77799272 | | | | | | |
| Apr 27, 2007 | $-10.95 | $0.00 | $0.00 | $0.00 | $-10.95 | $29,951.73 |
| Waive miscellaneous fee Return - NSF on ACH | | | | | | |
| Apr 27, 2007 | $10.95 | $0.00 | $0.00 | $0.00 | $10.95 | $29,951.73 |
| Reversal of miscellaneous fee payment Return - NSF on ACH | | | | | | |
| Apr 27, 2007 | $697.74 | $119.60 | $578.14 | $0.00 | $0.00 | $29,951.73 |
| Reversal of system allocated payment | | | | | | |

| Date | Amount | | | | | Balance |
|---|---|---|---|---|---|---|
| Return - NSF on ACH | | | | | | |
| Apr 27, 2007 | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $29,832.13 |
| Recovery fee assessment<br>Return - NSF on ACH | | | | | | |
| May 10, 2007 | $-300.00 | $-108.06 | $-191.94 | $0.00 | $0.00 | $29,832.13 |
| System allocated payment<br>Money Gram Payment<br>54110304 | | | | | | |
| Apr 27, 2007 | $-697.74 | $-119.60 | $-578.14 | $0.00 | $0.00 | $29,940.19 |
| System allocated payment<br>Drive Collector - ACH | | | | | | |
| Apr 27, 2007 | $-10.95 | $0.00 | $0.00 | $0.00 | $-10.95 | $30,059.79 |
| Miscellaneous fee payment<br>Drive Collector - ACH | | | | | | |
| Apr 27, 2007 | $10.95 | $0.00 | $0.00 | $0.00 | $10.95 | $30,059.79 |
| Miscellaneous fee asessment<br>Drive Collector - ACH | | | | | | |
| Mar 19, 2007 | $-697.74 | $-293.58 | $-404.16 | $0.00 | $0.00 | $30,059.79 |
| System allocated payment<br>Money Gram Payment<br>23165031 | | | | | | |
| Feb 20, 2007 | $-697.74 | $-23.63 | $-674.11 | $0.00 | $0.00 | $30,353.37 |
| System allocated payment<br>Money Gram Payment<br>84105375 | | | | | | |

### N.A.D.A. Official Used Car Guide
### Automated Vehicle Valuation

Thursday, May 16, 2019

| | | | | |
|---|---|---|---|---|
| **Guide Edition:** | February 2019 | | **Region:** | Southwestern |
| **Vehicle:** | 2006  TOYOTA | | | |
| | Tundra | | **VIN:** | 5tbru34186s482618 |
| | SR5 Access Cab 2WD V6 | | **Weight:** | 4,170 |
| **Mileage:** | 147,343 | | **MSRP:** | $22,590.00 |
| **Base Retail:** | $8,750.00 | **Base Trade:** $6,175.00 | | **Base Loan:** $5,575.00 |

**Accessory Adjustments:**

| | (Retail) | (Trade) | (Loan) |
|---|---|---|---|
| Aluminum/Alloy Wheels | (w/body) | (w/body) | (w/body) |

**Mileage Adj.:** $100.00          **(Trade) Accessory Adj.:** $0.00

#### Total N.A.D.A. Official Used Car Values

**Retail:** $8,850.00          **Trade:** $6,275.00          **Loan:** $5,675.00

All NADA Values Reprinted With Permission Of
N.A.D.A. Official Used Car Guide Company  Copyright NADASC 1996

"E"